Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>PAULA ESTHER ESTRADA DÍAZ<br><br>*Peticionaria* | TA2026AP00154[1] | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV03190<br><br>Sobre: Cobro de Dinero- Ordinario y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de abril de 2026.

Comparece ante nos la señora Paula Esther Estrada Díaz (señora Estrada Díaz o peticionaria) mediante recurso de *Apelación,* el cual acogemos como un *Certiorari* por ser el mecanismo adecuado para la revisión del dictamen recurrido, y solicita que revoquemos la *Orden*[2] emitida el 12 de enero de 2026[3], por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Solicitud de Determinaciones de Hecho y Derecho*[4] presentada por la señora Estrada Díaz.

Por los fundamentos que expondremos a continuación, **expedimos** el recurso de *Certiorari* y **confirmamos** la *Orden* impugnada.

---

[1] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[2] Apéndice 59 del Recurso de *Apelación.*
[3] Notificada el 13 de enero de 2026.
[4] Apéndice 58 del Recurso de *Apelación.*

## I.

El caso de autos tuvo su origen el 21 de septiembre de 2023, cuando Banco Popular de Puerto Rico (BPPR o recurrido) instó una *Demanda*[5] de cobro de dinero y ejecución de hipoteca por la vía ordinaria en contra de la peticionaria. Allí arguyó que el pagaré fue suscrito originalmente a favor de Doral Financial Corporation (Doral Bank) el cual operaba como H.F. Mortgage Bankers pero que él era el sucesor en derecho y/o tenedor por valor recibido y de buena fe de este[6].

El 19 de octubre de 2023, se expidió el emplazamiento para la señora Estrada Diaz[7]. El 29 de noviembre de 2023, el BPPR solicitó emplazamiento por edicto[8] e incluyó una declaración jurada en donde expone las gestiones que realizó la emplazadora para localizar a la peticionaria. El 4 de diciembre de 2023, se notificó orden y se expidió el emplazamiento por edicto, el cual fue publicado el 14 de diciembre de 2023 y notificado por correo certificado el 15 de diciembre de 2023[9].

Tras varios incidentes procesales, el 15 de marzo de 2024, BPPR sometió una *Solicitud de Paralización de Procedimientos*[10]. Allí esbozó que advino en conocimiento que el préstamo a ejecutarse era con la Administración de Veteranos de Estados Unidos, (Veteranos). Así pues, solicitó la paralización conforme a un documento oficial de Veteranos intitulado "*Loan Repayment Relief for Borrowers, circular 26-23-25*" datado el 30 de noviembre de 2023 y que tenía vigencia hasta el 31 de mayo de 2024. En dicho documento se ofrecía alternativas para evitar o atrasar las ejecuciones de las propiedades.

---

[5] Apéndice 1 del Recurso de *Apelación*.
[6] *Íd.*, Anejo A y Anejo B.
[7] Entrada núm. 3 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI.
[8] Entrada núm. 4 de SUMAC TPI.
[9] Entradas núms. 9-12 de SUMAC TPI.
[10] Apéndice 18 del Recurso de *Apelación*.

Evaluado el petitorio, ese mismo día, el TPI emitió una *Sentencia*[11] en la cual declaró *Con Lugar* la solicitud del recurrido. De igual manera, hizo constar que se reservaba su jurisdicción para decretar la reapertura a solicitud de la parte interesada, en caso de que dicha solicitud de paralización se dejara sin efecto en cualquier momento con posterioridad a la *Sentencia,* o que por otra razón proceda la continuación de los procedimientos en este caso.

Transcurrido algún tiempo, el 17 de enero de 2025, BPPR presentó una *Solicitud de Continuación de Procedimientos*[12]. En la misma, informó que el periodo de moratoria había expirado y que deseaba continuar con el proceso de ejecución. Así las cosas, el 14 de marzo de 2025, el recurrido sometió una *Solicitud Anotación de Rebeldía y Sentencia*[13] en la cual adujo que a pesar de que la peticionaria había sido debidamente emplazada no había presentado su alegación responsiva. Por ende, requirió que se dictara sentencia de ejecución de hipoteca por la vía ordinaria.

Evaluada la solicitud, el 17 de marzo de 2025[14], el TPI emitió una *Orden*[15] anotándole la rebeldía a la señora Estrada Díaz. Además, ese mismo día, dictó una *Sentencia*[16] en la que declaró *Ha Lugar* la *Demanda* y ordenó la ejecución de la hipoteca y venta en pública subasta del inmueble hipotecado, declaró vencida la suma adeudada de ciento treinta y nueve mil doscientos ochenta y ocho dólares con noventa y tres centavos ($139,288.93) de principal, a razón de siete por ciento (7.00%) de intereses, los cuales continúan acumulándose hasta el saldo total de la deuda; más cargos por demora, costas, gastos y honorarios de abogado. El 28 de marzo de 2025, fue notificada la sentencia mediante edicto[17].

---

[11] Entrada núm. 19 de SUMAC TPI. Notificada el 18 de marzo de 2024.
[12] Entrada núm. 20 de SUMAC TPI.
[13] Apéndice 24 del Recurso de *Apelación.*
[14] Notificada el 20 de marzo de 2025.
[15] Entrada núm. 26 de SUMAC TPI.
[16] Apéndice 27 del Recurso de *Apelación.* Notificada el 20 de marzo de 2025.
[17] Entrada núm. 29 de SUMAC TPI.

No es hasta el 30 de septiembre de 2025, luego del *Mandamiento de Ejecución de Sentencia*[18] y el *Aviso de Venta en Pública Subasta*[19] que la señora Estrada Díaz comparece al pleito mediante una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*[20] en la cual informó que el 1 de agosto de 2025, recibió una carta que le envió el BPPR a su verdadera dirección postal. Asimismo, adujo que compró su casa por conducto de Doral Bank, el cual fue cerrado el 27 de febrero de 2015 por el Comisionado de Instituciones Financieras de Puerto Rico y el "Federal Deposit Insurance Corporation", (FDIC). Alegó que tanto el BPPR como FirstBank, en Puerto Rico, adquirieron los activos que negociaron con el FDIC. De igual forma, esbozó que el acuerdo con el recurrido fue que el pago mensual de la casa sería recibido directamente de parte de pagos que tenía la señora Estrada Díaz del Departamento de Veteranos y del Seguro Social. Expuso, que en cierto momento le solicitó información a cada una de las entidades y le informaron, no solamente que los pagos se habían realizado, sino que, por razones desconocidas, se los habían hecho llegar directamente al BPPR. Arguyó también que resultaba fraudulento que BPPR haya entablado la *Demanda* cuando ya había recibido, al 31 de julio de 2015, más de sesenta y un mil ($61,000.00) dólares del Departamento de Veteranos, y treinta y tres mil cuatrocientos sesenta y cinco dólares con treinta y tres centavos ($33,465.33) de la Administración del Seguro Social.

Por su parte, el 14 de octubre de 2025, el recurrido sometió su *Oposición a Relevo de Sentencia*[21] en la cual adujo que al momento de diligenciar el emplazamiento la señora Estrada Díaz se reusó a aceptarlo[22] y por ello solicitó el emplazamiento por edicto.

---

[18] Entrada núm. 32 de SUMAC TPI.
[19] Entrada núm. 33 de SUMAC TPI.
[20] Apéndice 36 del Recurso de *Apelación*.
[21] Apéndice 43 del Recurso de *Apelación*.
[22] *Íd.*, *Declaración Jurada emplazador*.

De igual manera, hizo constar que la señora Estrada Díaz brindó dos direcciones a las cuales se le notificó el emplazamiento por edicto. Finalmente, alegó que la peticionaria nunca compareció al pleito, a pesar de conocer del mismo y que ahora pretendía utilizar la moción de relevo como recurso de revisión y/o reconsideración de la *Sentencia.*

Transcurridos tres (3) meses, el 8 de enero de 2026[23], el TPI emitió una *Orden*[24] en la cual declaró *No Ha Lugar* la *Moción al Amparo de la Regla 49.2 de Procedimiento Civil* presentada por la señora Estrada Díaz. El 10 de enero de 2026, la peticionaria presentó una *Solicitud de Determinaciones de Hecho y Derecho* en la cual enfatizó que el TPI no estableció los hechos y el derecho que tomaron en consideración para emitir la determinación impugnada. Evaluada tal solicitud, el 12 de enero de 2026[25], el TPI declaró *No Ha Lugar* la *Solicitud de Determinaciones de Hecho y Derecho*[26] presentada por la señora Estrada Díaz.

Inconforme con tal determinación, el 12 de febrero de 2026, la peticionaria acudió ante este foro intermedio y le imputó al TPI los siguientes señalamientos de error:

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA A FAVOR DE LA PETICI[Ó]N DE SENTENCIA EN REBELD[Í]A PRESENTADA POR LA PARTE DEMANDANTE, PORQUE NO TOM[Ó] EN CUENTA EL HECHO QUE NUNCA EL BANCO POPULAR DE PUERTO RICO ESTABLECI[Ó], CON EVIDENCIA REAL Y LEGAL, QUE ERA EL TENEDOR DEL PAGAR[É] DE LA HIPOTECA PRESENTADA EN EL CASO.
>
> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL NO TOMAR EN CUENTA QUE EL DOCUMENTO DE LA ADMINISTRACI[Ó]N DE VETERANOS PRESENTADO CON LA MOCI[Ó]N DE PARALIZACI[Ó]N ESTABLEC[Í]A CIERTAS CONSIDERACIONES QUE NUNCA EL BANCO POPULAR SIGUI[Ó] POSITIVAMENTE.
>
> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCI[Ó]N AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL CUANDO SE PRESENTARON DOCUMENTOS RELACIONADOS A LA ADMINISTRACI[Ó]N

---

[23] Notificado el 9 de enero de 2026.
[24] Apéndice 57 del Recurso de *Apelación.*
[25] Notificada el 13 de enero de 2026.
[26] Apéndice 58 del Recurso de *Apelación.*

DE VETERANOS QUE YA EL BANCO SAB[Í]A QUE ESTABA ENVUELTO EN EL ASUNTO.

ERR[Ó] EL TRIBUNAL DE PRIMERA I[N]STANCIA AL DENEGAR NUESTRA PETICI[Ó]N PARA QUE EMITIERA DETERMINACIONES DE HECHO Y DE DERECHO CONFORME LA DENEGATORIA DE LA MOCI[Ó]N DE LA REGLA 49.2.

El 17 de febrero de 2026,[27] emitimos una *Resolución* en la cual le concedimos al recurrido hasta el 14 de marzo de 2026 para que presentara su alegato.

El 6 de marzo de 2026, la señora Estrada Díaz presentó una *Moción Urgente de Paralización*. Considerada tal solicitud, ese mismo día, emitimos y notificamos una *Resolución* en la cual ordenamos la paralización de los procedimientos hasta la adjudicación del caso ante nos.

El 14 de marzo de 2026, el BPPR sometió su posición, intitulada *Alegato de la Parte Apelada*. Allí, argumentó que la falta de interés de la parte peticionaria estuvo presente desde los inicios del pleito cuando se rehusó a recibir el emplazamiento. Asimismo, adujo que la señora Estrada Díaz no cumplió con la Regla 42.2 de las de Procedimiento Civil, *infra*, pues la peticionaria presentó una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil* pasados ya los seis (6) meses después de haberse registrado la *Sentencia* del caso y que la misma no procedía como sustituto del recurso de apelación.

Por otro lado, arguyó que la *Solicitud de Determinaciones de Hecho y Derecho* no procedía, puesto que estaba tardía por presentarse pasado los quince (15) días de haberse dictado la *Sentencia* y la misma fue dictada en rebeldía. Además, argumentó que la solicitud no estaba debidamente fundamentada para interrumpir el término para interponer una apelación.

---

[27] Notificada el 19 de febrero de 2026.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

La rebeldía es la posición procesal en que se coloca la parte que **no cumple con algún deber procesal o ha dejado de ejercitar su derecho a defenderse[28]**. La Regla 45 de las Reglas de Procedimiento Civil[29], regula lo relativo a la anotación de rebeldía cuando una parte no presenta alegación o no comparece al proceso a defenderse. Sobre este particular, la Regla 45.1[30] dispone como sigue:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya **dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas,** y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. (Énfasis suplido).

De lo anterior podemos colegir que la incomparecencia de una parte demandada conlleva a que se den por admitidas las alegaciones de la demanda y no implica la paralización de los procedimientos. Es decir, la referida norma procesal provee un remedio para las situaciones en las que el demandado no comparece a contestar la demanda o no se defienda de ninguna otra forma.

Ahora bien, les corresponde a los foros de instancia ejercer su discreción al momento de anotar la rebeldía. A esos fines, el Tribunal Supremo de Puerto Rico ha reseñado que: "aunque la rebeldía

---

[28] Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico,* Derecho Procesal Civil, 5ta ed. San Juan, PR, Ed. Lexisnexis, 2010, pág. 287.
[29] 32 LPRA Ap. V, R. 45.
[30] 32 LPRA Ap. V, R. 45.1.

constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto"[31].

Por ejemplo, la Regla 34.3(b)(3)[32] de las de Procedimiento Civil dispone que el tribunal podrá dictar "todas aquellas órdenes que sean justas" entre las que menciona la sentencia en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.

No obstante, la Regla 45.3[33] de las de Procedimiento Civil establece que los tribunales pueden dejar sin efecto una anotación de rebeldía, siempre y cuando la parte a la cual se le anotó presente justa causa. A pesar de que esta regla debe interpretarse de forma liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación de rebeldía, la parte deberá presentar evidencia de aquellas circunstancias que —a juicio del tribunal— demuestran una causa justificada para la dilación[34]. En específico, que: (1) cuenta con una buena defensa en sus méritos; (2) el grado de perjuicio que puede ocasionarse a las demás partes con relación al proceso es razonablemente mínimo, y (3) las circunstancias del caso no revelen un ánimo contumaz o temerario de su parte[35].

Por otro lado, mediante la Regla 49.2 de las de Procedimiento Civil[36], una parte puede liberarse de los efectos de una sentencia si logra demostrar la existencia de, al menos, una de las seis causales estipuladas en la referida norma procesal. La invocación de alguna

---

[31] *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 590 (2011).

[32] 32 LPRA Ap. V, R. 34.3(b)(3).

[33] 32 LPRA Ap. V, R. 45.3.

[34] *Rivera Figueroa v. Joe´s European Shop, supra*, págs. 592-593.

[35] *Íd.*

[36] 32 LPRA Ap. V, R. 49.2.

de las causales puede requerir la presentación de prueba para sustanciarla y, por ende, la celebración de una vista evidenciaria a esos efectos. Para esa vista, las partes tienen derecho a utilizar las reglas sobre el descubrimiento de prueba con el objetivo de que se preparen adecuadamente[37].

La Regla 49.2 de las de Procedimiento Civil, *supra,* dispone como sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a)    error, inadvertencia, sorpresa o negligencia excusable;
> (b)    descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c)    fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d)    nulidad de la sentencia;
> (e)    la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f)    cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> [...] La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Esta regla permite a los tribunales dejar sin efecto una sentencia, orden o procedimiento por causa justificada[38]. Dicha

---

[37] *De Jesús Viñas v. González Lugo,* 170 DPR 499, 513 (2007).
[38] *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 448 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977).

solicitud tiene que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia, salvo cuando exista fraude o nulidad, para lo que no hay término[39]. Este remedio permite hacer un balance entre dos intereses en conflicto: de una parte, que toda litigación sea concluida y tenga finalidad; y de otra, que en todo caso se haga justicia[40].

Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de las de Procedimiento Civil, *supra,* es una decisión discrecional del tribunal relevar a una parte de los efectos de una sentencia, salvo que se trate de nulidad o una sentencia que ya ha sido satisfecha. Por tanto, no basta con establecer uno de los fundamentos que ofrece la Regla 49.2 de las de Procedimiento Civil, *supra,* hay que persuadir al tribunal que bajo las circunstancias del caso debe ejercitar su discreción a favor del relevo[41].

Por otra parte, nuestro más Alto Foro ha expresado que, aunque una moción de relevo de sentencia debe interpretarse liberalmente a favor del relevo, no puede utilizarse en sustitución de los recursos de apelación o reconsideración[42]. Específicamente, ha aclarado que la Regla 49.2 de las de Procedimiento Civil, *supra,* no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado una sentencia correctamente dictada[43].

**III.**

En apretada síntesis, la señora Estrada Díaz adujo que el TPI incidió al dictar sentencia en rebeldía a favor del BPPR sin que este probara ser tenedor del pagaré hipotecario, al ignorar las consideraciones contenidas en un documento de la Administración

---

[39] *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979).
[40] *Náter v. Ramos,* 162 DPR 616, 624 (2004); *Piazza v. Isla del Río, Inc., supra,* pág. 448.
[41] *Náter v. Ramos, supra,* pág. 624.
[42] *Pagán Navedo v. Rivera Sierra,* 143 DPR 314, 327-328 (1997); *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989).
[43] *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

de Veteranos, y al denegar la moción bajo la Regla 49.2 de las de Procedimiento Civil, *supra*, y la solicitud de determinaciones de hecho y de derecho, pese a que se presentaron documentos relevantes sobre dicho asunto.

Esbozado lo anterior, apuntalamos que el análisis en este caso gira en torno a la normativa jurídica sobre los efectos de la anotación de rebeldía y si procede conceder los remedios que provee la Regla 49.2 de las de Procedimiento Civil[44].

En el caso de autos, el TPI anotó la rebeldía contra la peticionaria. Esta anotación tiene consecuencias jurídicas, específicamente, a quien se le anote la rebeldía no podrá presentar prueba ni defensas afirmativas[45]. La doctrina establecida por nuestro Tribunal Supremo puntualiza que la consecuencia primordial es que se den por admitidos los hechos bien alegados en la demanda[46]. Ahora bien, dictada la *Sentencia,* la señora Estrada Díaz presentó pasados los seis (6) meses una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*[47]. En síntesis, arguyó que no solamente *los pagos se habían realizado, sino que, por razones desconocidas, se los habían hecho llegar directamente al Banco Popular. (Copia fiel y exacta de dichas comunicaciones se anejan como Exhibit B y C)*[48].

Nuestro Alto Foro[49] ha expresado que para dejar sin efecto una sentencia en rebeldía deben concurrir los siguientes factores: (1) las defensas presentadas por la parte rebelde; (2) la etapa de los procedimientos del caso; (3) el perjuicio que le ocasionaría a las partes si levantaban o no la anotación de rebeldía; (4) si el demandante fue quien causó confusión en el proceso y como

---

[44] 32 LPRA Ap. V, R. 49.2.
[45] *Rodríguez v. Tribunal Superior,* 102 DPR 290, 294 (1974).
[46] *Ocasio v. Kelly Servs,* 163 DPR 653, 671 (2005).
[47] Entrada núm. 36 de SUMAC TPI.
[48] *Íd.*
[49] *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 290, 291-295 (1988).

resultado se le anotó la rebeldía al demandado; y (5) la diligencia del demandado durante el pleito.

Al ponderar las alegaciones de la señora Estrada Díaz con los factores previamente mencionados y establecidos por el Tribunal Supremo, así como el alcance y aplicación de la Regla 49.2 de las de Procedimiento Civil, *supra*, respecto a que una vez transcurridos los seis (6) meses de haberse registrado una sentencia, solo podrá relevarse a una parte de una sentencia en la que se haya incidido por fraude o nulidad[50], ciertamente, le correspondía a la peticionaria demostrar defensas válidas que justificaran la aplicación de los factores previamente señalados. Veamos.

En primer lugar, la señora Estrada Díaz arguyó que el TPI erró al dictar sentencia en rebeldía a favor del BPPR sin que éste probara ser tenedor del pagaré hipotecario. No obstante, no procede el planteamiento, pues al estar en rebeldía, se dan por admitidos los hechos bien alegados en la demanda y la peticionaria no podía presentar prueba para controvertirlos. Además, el recurrido contaba con la presunción legal de ser el tenedor del pagaré, la cual no fue refutada, y, además, presentó evidencia documental que sostenía su legitimación.

En el segundo error, la señora Estrada Díaz señala que el foro recurrido obvió las consideraciones contenidas en un documento de Veteranos; colegimos que no le asiste la razón. Esto, debido a que el asunto relacionado con el mencionado documento sí fue atendido mediante la paralización del caso solicitada por el propio BPPR. Por tanto, no hubo omisión del tribunal y la alegación de la peticionaria carece de fundamento.

En cuanto al tercer señalamiento de error, la peticionaria esbozó que el TPI incidió al denegar la moción bajo la Regla 49.2 de

---

[50] *Bco. Santander PR v. Fajardo Farms,* 141 DPR237 (1996).

las de Procedimiento Civil, *supra*. No tiene mérito lo alegado, pues la solicitud de relevo de sentencia fue presentada fuera del término de seis meses establecidos por nuestro ordenamiento jurídico. De igual forma, la señora Estrada Díaz no demostró diligencia alguna, ni defensa válida o factores esenciales para dejar sin efecto la sentencia en rebeldía.

Finalmente, en el cuarto señalamiento de error, la peticionaria arguyó que el foro recurrido erró al denegar la solicitud de determinaciones de hecho y de derecho, pese a que se presentaron documentos relevantes sobre dicho asunto. Colegimos que tampoco procede, debido a que la solicitud de determinaciones de hechos y derecho fue extemporánea y, en todo caso, innecesaria en un escenario de rebeldía, donde no se requiere consignar determinaciones detalladas.

En fin, ante la falta de demostrar la existencia de alguno de los criterios exigidos por nuestro ordenamiento jurídico, concluimos que ninguno de los errores señalados fue cometido.

**IV.**

Por los fundamentos que anteceden, se ***confirma*** la *Orden* impugnada, se deja sin efecto la orden de paralización de los procedimientos y se devuelve el caso al TPI para la continuación de los procedimientos conforme a lo aquí dispuesto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones